```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------X
NEC Financial Services, LLC,


                    Plaintiff,
                                        MEMORANDUM & ORDER
          -against-                     No. 24-CV-8623(JS)(SLT)

SHEETS FAMILY PRACTICE P.C. INC.,
and PATRICK SHEETS a/k/a
PATRICK JEROME SHEETS, individually,


                    Defendants.
---------------------------------------X
APPEARANCES
For Plaintiff:      Michael F.J. Romano, Esq.
                    Romano, Garubo & Argentieri
                    52 Newton Avenue, P.O. Box 456
                    Woodbury, New Jersey  08096


For Defendants:     No appearance.
```

SEYBERT, District Judge:

Presently before the Court is the motion for default judgment filed by Plaintiff NEC Financial Services, LLC ("Plaintiff"), pursuant to Federal Rule of Civil Procedure 55(b)(1) against Defendants Sheets Family Practice P.C., Inc. ("Sheets Practice"), and Patrick Sheets ("Mr. Sheets," collectively with "Sheets Practice," "Defendants") for Defendants' alleged failure to make payments as required by the terms of the parties' equipment finance agreement ("Finance Agreement"). (See "Motion," ECF. No. 19.) For the reasons explained herein, Plaintiff's Motion is DENIED without prejudice because of

1

Plaintiff's noncompliance with Local Civil Rules 55.1 and 55.2.

BACKGROUND

Plaintiff is a Delaware limited liability company with its principal place of business located in the state of New Jersey. (See Compl., ECF No. 1, ¶ 4.) Sheets Practice is a corporation organized and existing under the laws of the state of Indiana, with its "principal office" located in Indiana. (Id. at ¶ 5.) Mr. Sheets is also a citizen of and presently resides in Indiana. (Id. at ¶ 6.)

On or around November 16, 2022, Sheets Practice executed a Finance Agreement evidencing a loan extended by MMP Capital LLC ("MMP") for certain business-related equipment. (See id. at ¶ 9.) Mr. Sheets also executed guaranty agreements ("Guaranty Agreements") in connection with the Finance Agreement, by which Mr. Sheets personally guaranteed to MMP the payment and performance of all Sheets Practice's obligations under the Finance Agreement. (See id. at ¶ 17.)[1] On or around May 16, 2023, MMP assigned all

---

[1] Pursuant to the terms of the Finance Agreement, Sheets Practice submitted to the jurisdiction of New York and agreed the Finance Agreement "shall be governed and construed under the laws of the State of New York," and "the state and federal courts sitting in Nassau County, New York, shall have [] exclusive jurisdiction" over any action to enforce the Finance Agreement. (See Fin. and Guar. Agreements, Ex. A, ECF No. 1-4, attached to Compl.) Mr. Sheets similarly agreed the Guaranty Agreements shall be interpreted pursuant to New York state law, and he is subject to personal jurisdiction in the state and federal courts of New York.

2

its "rights, claims and interest to and under the Finance Agreement" and Guaranty Agreements to Plaintiff, and Plaintiff notified Sheets Practice of this assignment. (Id. at ¶¶ 18-20.) Defendants were thus obligated to pay Plaintiff certain monthly installment payments pursuant to the terms of the Finance and Guaranty Agreements. (See id. at ¶¶ 21-28.) Defendants failed to do so. (See id. at ¶ 30.)

PROCEDURAL HISTORY

Plaintiff commenced this action on December 18, 2024, alleging breach of the Finance Agreement and unjust enrichment as against Sheets Practice and breach of the Guaranty Agreements by Mr. Sheets. (See generally id.) The Summons for both Defendants were issued that same day. (See Summons Issued, ECF No. 4.) Sheets Practice was allegedly served with the Summons and Complaint on January 28, 2025. (See Summons Returned Executed, ECF No. 6.) Mr. Sheets was later served the Summons and Complaint on May 28, 2025. (See Summons Returned Executed, ECF No. 11.)[2] Neither Defendant has appeared, answered, or otherwise responded to the Complaint. (See Case Docket, in toto). On April 7, 2025, Plaintiff requested

_____

(See id.)

[2] On September 3, 2025, Magistrate Judge Steven Tiscione granted Plaintiff's motion for an extension of time to serve the Summons and Complaint on Mr. Sheets nunc pro tunc, to May 28, 2025, pursuant to Rule 4(m). (See Mot. for Extension, ECF No. 15; Sept. 3, 2025 Elec. Order.)

a Certificate of Default as to Sheets Practice pursuant to Rule 55(a). (See Request for Cert. of Default, ECF No. 7.) In support of this request, Plaintiff submitted a "Request to Enter Default" form (id.), an affirmation by Plaintiff's counsel of record, Michael F.J. Romano, Esq., averring that Plaintiff satisfied the service requirements of Rule 4 (see Romano Aff., ECF No. 7-1), the Summons and affidavit of service on Sheets Practice ("Affidavit of Service") as a supporting exhibit (ECF No. 7-2), a proposed Certificate of Default (ECF No. 7-3), and a certificate of service of the foregoing documents on Sheets Practice (ECF No. 7-4). The Clerk's Entry of Default against Sheets Practice was issued that same day. (See Clerk's Cert. of Default, ECF No. 8.)

In support of Plaintiff's assertion that Sheets Practice was properly served the Summons and Complaint pursuant to Rule 4, the Affidavit of Service identifies the "Recipient Name/Address" as "Sheets Family Practice, P.C., Inc. and Patrick Sheets" but does not include the address or general location where Defendant(s) accepted service. (See Aff. of Serv., Ex. A, ECF No. 7-2, attached to Romano Aff.) The Affidavit of Service also identifies the "Manner of Service" only as "Corp Service to Anni Jones Office Manager." (Id.) Because the Affidavit of Service does not clarify where Anni Jones ("Jones") was served, and because it names both Defendants as "Recipient[s]" of service, it is unclear where -- or

4

for whom -- Jones served as Office Manager. (See id.) Further, although Jones is described as "Office Manager," the Affidavit of Service does not assert that Jones affirmatively identified as such to the process server. (See id.) The Affidavit of Service is also silent on how the process server determined Jones's job title, and whether Jones confirmed Jones was an agent or employee of Sheets Practice (or of Mr. Sheets, personally) who was authorized to accept service on behalf of any Defendant. (See id.) The Affidavit of Service also does not describe Jones's physical appearance in any way. (See id.) The Affidavit of Service further fails to clearly identify the documents served on Jones, describing the documents only as "Service Packet – Sheets Family Practice.pdf, Service Packet – Patrick Sheets.pdf."[3] (Id.)

On May 2, 2025, Magistrate Judge Tiscione ordered Plaintiff to file proof of service of the Clerk's Certificate of Default on Sheets Practice by May 30, 2025. (See May 2, 2025 Elec. Order.) Plaintiff did not do so. (See Case Docket, in toto.) Thereafter, Magistrate Judge Tiscione again ordered Plaintiff to file proof of service of the Clerk's Certificate of Default on

---

3 Unlike the Affidavit of Service on Sheets Practice, the affidavit of service on Mr. Sheets clearly identifies "Patrick Sheets" as the individual served, the address where Mr. Sheets was served, the method of service (affixing and mailing), and the documents served on Mr. Sheets ("SUMMONS AND COMPLAINT"). (See Summons Returned Executed, ECF No. 11.)

Sheets Practice by June 30, 2025. (See May 29, 2025 Elec. Order.) To date, Plaintiff has not filed proof of service of the Clerk's Certificate of Default on either Defendant. (See Case Docket, in toto.) Plaintiff later filed its Motion for Default Judgment on October 1, 2025. (See Mot., ECF No. 19.)

DISCUSSION

I. <u>Applicable Law</u>

    A. <u>Service of the Summons and Complaint Under Rule 4</u>

Pursuant to Rule 4(c)(1) of the Federal Rules of Civil Procedure, a plaintiff must serve a defendant the summons and complaint within 90 days of the complaint's filing unless the plaintiff shows good cause for its failure to do so. See FED. R. CIV. P. 4(c)(1); FED. R. CIV. P. 4(m).  Rule 4(h) governs how to properly serve a summons and complaint on a corporation, partnership, or association. See FED. R. CIV. P. 4(h)(1)(A), and (B).

    B. <u>Motions for Default Judgment Under Rule 55</u>

Motions for default judgment are governed by Rule 55 of the Federal Rules of Civil Procedure, which provides for a two-step process. See <u>Priestley v. Headminder, Inc.</u>, 647 F.3d 497, 504-05 (2d Cir. 2011).  First, the moving party must obtain a certificate of default from the Clerk of the Court. See FED. R. CIV. P. 55(a). Once the certificate of default is issued, the moving

party may apply for entry of a default judgment. See FED. R. CIV. P. 55(b).

A motion for default judgment, however, will be denied if the moving party fails to follow all applicable procedural rules. See Bhangwat v. Queens Carpet Mall, Inc., No. 14-CV-5474, 2017 WL 9989598, at *1 (E.D.N.Y. Nov. 21, 2017); Contino v. United States, 535 F.3d 124, 126 (2d Cir. 2008) ("Local rules have the force of law, as long as they do not conflict with a rule prescribed by the Supreme Court, Congress, or the Constitution."); Lopez v. Metro and Graham LLC, No. 22-CV-0332, 2022 WL 18809176, at *3 (E.D.N.Y. Dec. 16, 2022) (quoting United States v. Hamilton, No. 18-CV-2011, 2019 WL 6830318, at *2 (E.D.N.Y. Nov. 26, 2019) ("[C]ourts in the Eastern and Southern Districts regularly deny [default judgment] motions when strict procedural compliance is lacking." (citation omitted))), report and recommendation adopted, 2023 WL 2140418 (E.D.N.Y. Feb. 21, 2023).

## II. Analysis

### A. Plaintiff Failed to Comply with Local Civil Rule 55.2 with Respect to Mr. Sheets

As explained above, Plaintiff served the Summons and Complaint on Mr. Sheets (see Summons Returned Executed, ECF No. 11), requested an entry of default against Mr. Sheets (see Request for Cert. of Default, ECF No. 17), and the Clerk entered a

7

Certificate of Default against Mr. Sheets on September 4, 2025 (see Cert. of Default, ECF No. 18). Local Civil Rule 55.2(a)(3), however, requires a party seeking default judgment to file "a certificate of service stating that . . . the 'Clerk's Certificate of Default' . . . . [has] been personally served on, or mailed to . . . the party against whom default judgment is sought." See Local Civil Rule 55.2(a)(3). The Clerk's Entry of Default against Mr. Sheets was issued more than seven months ago. (See Cert. of Default, ECF No. 18.) Still, Plaintiff has failed to file proof of service of the Clerk's Certificate of Default on Mr. Sheets. (See Case Docket, in toto.) Thus, Plaintiff has not complied with Local Civil Rule 55.2(a)(3), warranting denial of Plaintiff's Motion against Mr. Sheets, without prejudice. See Dixon v. Int'l Unified Workforce, Inc., No. 18-CV-7191, 2020 WL 6140054, at *2 (E.D.N.Y. Sept. 1, 2020) (finding "[plaintiff] failed to file any proof [] the documents required by Local Rule 55.2[] [including] the certificate of default . . . were mailed to [the defendant]" and such noncompliance with the rule was "alone a basis to deny [a] motion for default judgment").

B. Plaintiff Also Failed to Comply with Local Civil Rules 55.1 and 55.2 with Respect to Sheets Practice

Pursuant to Local Civil Rule 55.1, a party seeking entry of default under Federal Rule of Civil Procedure 55(a) must, in

relevant part, file "an affidavit or declaration showing . . . the requirements of Fed. R. Civ. P. 4 for service or waiver of service have been satisfied." See Local Civil Rule 55.1(a)(2). On April 7, 2025, Plaintiff filed a request for entry of default against Sheets Practice under Federal Rule of Civil Procedure 55(a). (See Request for Cert. of Default, ECF No. 7.) In support of its request, Plaintiff attached its counsel's affirmation asserting that Sheets Practice was "properly served with a copy of the Summons and Complaint on January 28, 2025," pursuant to Rule 4(e). (See Romano Aff., ECF No. 7-1, ¶ 3.) This affirmation also cited the Affidavit of Service on Sheets Practice to demonstrate Plaintiff's compliance with Rule 4. (See Aff. of Serv., Ex. A, ECF No. 7-2, attached to Romano Aff.) But the Affidavit of Service fails to adequately support Plaintiff's request for entry of default against Sheets Practice. (See supra at pp. 4-5.)

First, the Affidavit of Service is unclear as to which named Defendant, if any, was served the Summons and Complaint on January 28, 2025. It also neglects to clearly establish the following: the address or general location where Sheets Practice was purportedly served (id.); how the process server determined Jones was "Office Manager"; whether Jones personally identified as Office Manager for one or both Defendants; and whether Jones confirmed her authority to accept service on behalf of Sheets

9

Practice (id.). Even if Jones did confirm she was Sheets Practice's "Office Manager" (which, again, is unclear from the Affidavit of Service), that assertion alone does not inherently imbue Jones with the authority to properly accept service on behalf of Sheets Practice. Cf. Farquharson v. Barnes & Noble, Inc., No. 17-CV-0300, 2018 WL 11486486, at *4 (E.D.N.Y. Mar. 5, 2018) ("[T]he title of [] manager alone does not support an inference that an individual . . . [can] accept service on behalf of [a corporate defendant]."). Moreover, the Affidavit of Service describes the documents served on Sheets Practice only as "Service Packet[s]" and does not assert the Summons, Complaint, or any other required documents were included in such "[p]acket[s]." (See Aff. of Serv., Ex. A, ECF No. 7-2, attached to Romano Aff.)

Although counsel's affirmation attached to Plaintiff's request for entry of default asserts the Summons and Complaint were properly served on Sheets Practice, this is unsupported by -- and does not remedy the deficiencies of -- the Affidavit of Service. Moreover, the deficiencies of the Affidavit of Service preclude the Court from determining whether Sheets Practice was properly served the Summons and Complaint under the applicable Federal Rules of Civil Procedure or New York (or Indiana) state law. See FED. R. CIV. P. 4(h); N.Y. C.P.L.R. §§ 306, 311; cf. also IND. R. TRIAL. P. 4.6. In sum, Plaintiff's request for Certificate

10

of Default fails to comply with both Rule 4 and Local Civil Rule 55.1.

Even if Plaintiff did fully comply with the requirements of Rule 4 and Local Civil Rule 55.1, Plaintiff also has not complied with Local Civil Rule 55.2(a)(3). Plaintiff has neglected to file proof of service on Sheets Practice of the Clerk's Certificate of Default entered on April 7, 2025, despite this Court's repeated orders to do so (the last of such orders being posted almost one year ago). (See May 2, 2025 Elec. Order; May 29, 2025 Elec. Order.) This serves as independent grounds for dismissal of Plaintiff's Motion. See Lopez, 2022 WL 18809176, at *4 ("Courts in this District routinely deny motions for default judgment on the basis of failure to comply with Local Rule 55.2.").

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's motion for default judgment as against all Defendants (Mot., ECF No. 19) is **DENIED WITHOUT PREJUDICE.**

Plaintiff is **FURTHER ORDERED** to show, by June 8, 2026, and by satisfactory testamentary and documentary evidence, that Plaintiff's service of the Summons and Complaint on Sheets Practice fully complied with the requirements of Federal Rule of Civil Procedure 4 so the Court may determine if the Clerk's Certificate of Default dated April 7, 2025, was properly entered.

11

Alternatively, Plaintiff is **ORDERED,** by June 8, 2026, to re-serve the Summons and Complaint on Sheets Practice and thereafter, submit to the Court by no later than June 15, 2026, an affidavit of service complying with all applicable rules governing service.

**IT IS FURTHER ORDERED** that Plaintiff shall mail a copy of this order to all Defendants at their last known business and/or personal addresses and thereafter file proof of such mailing on the docket within seven days of mailing.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: April 28, 2026
       Central Islip, New York

12